IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

GERALD FRIGAARD,

        Petitioner,

    v.

JOE DeCAMP,

        Respondent.

Case No. 3:11-CV-01423-SU

FINDINGS AND RECOMMENDATION

    Gerald Frigaard
    1251 Kings Hwy.
    Medford, OR 97501

        Petitioner, *Pro Se*

    Ellen F. Rosenblum, Attorney General
    Kristen E. Boyd, Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

  1 - FINDINGS AND RECOMMENDATION

SULLIVAN, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his underlying state-court convictions for Public Indecency and Burglary. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) should be denied.

## BACKGROUND

On June 5, 2007, a jury convicted petitioner of one count of Burglary in the First Degree and two counts of Public Indecency, and the trial court sentenced him to consecutive sentences totaling 70 months in prison. Respondent's Exhibit 101. Petitioner took a direct appeal where he raised a single claim: whether the trial court erred when it submitted the Public Indecency counts to the jury when there was no evidence that petitioner was in a public place when he exposed himself to the victims.[1] Respondent's Exhibit 105. The Oregon Court of Appeals affirmed the trial court's decision without opinion, and the Oregon Supreme Court denied review. *State v. Frigaard*, 225 Or. App. 500, 201 P.3d 940, *rev. denied*, 346 Or. 184, 206 P.3d 1058 (2009).

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County where the PCR trial court denied relief on all of

---

[1] Petitioner raised this issue *pro se* after his appointed attorney could not find any meritorious issues to present on his behalf, and the State argued that the claim was not preserved for appeal.

2 - FINDINGS AND RECOMMENDATION

his claims. Respondent's Exhibits 120 & 121. Petitioner appealed, but later voluntarily dismissed his appeal. Respondent's Exhibits 122 & 123.

Petitioner filed this federal habeas corpus action on November 23, 2011 raising two grounds for relief:

1. Trial counsel failed to adequately argue against the imposition of consecutive sentences for both convictions of Public Indecency; and

2. Trial counsel failed to adequately argue at sentencing that the court erred when assigning petitioner's criminal history classification for both convictions of Public Indecency.

Respondent asks the court to deny relief on the Petition because petitioner failed to preserve either of these claims for federal habeas corpus review.

## **DISCUSSION**

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v.*

3 - FINDINGS AND RECOMMENDATION

*Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

Petitioner in this federal habeas action raises two claims of ineffective assistance of trial counsel. Petitioner properly raised these claims for the first time in his PCR Petition, but later abandoned his appeal. Respondent's Exhibits 110, 122, 123. As a result, petitioner failed to fairly present either of these claims to the Oregon Supreme Court. Because the time for doing so passed long ago, the claims are now procedurally defaulted.

4 - FINDINGS AND RECOMMENDATION

Petitioner does not argue cause and prejudice, nor does he attempt to make a colorable showing of actual innocence to excuse his default.

Because both of petitioner's ineffective assistance of counsel claims are procedurally defaulted, relief on the Petition should be denied.

## RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) should be denied and a judgment should be entered dismissing this case with prejudice.  The court should also decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

This Findings and Recommendation will be referred to a district judge.  Objections, if any, are due by October 9, 2012. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

///
///
///
///
///
///

5 - FINDINGS AND RECOMMENDATION

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 20th day of September, 2012.

                                    /s/ Patricia Sullivan
                                    Patricia Sullivan
                                    United States Magistrate Judge

6 - FINDINGS AND RECOMMENDATION